Case 24-5570, Matthew Howell et al versus Justin McCormick et al. Oral argument, 15 minutes per side. Mr. Justice, for the appellants. Good afternoon, Your Honors. Drew Justice for the plaintiffs. I'm going to focus here on the exigent circumstances issue, because that's the one that I've identified in my brief as being arguably the most complex. And if we have time, I'll also try to get into the more deeper issue of whether there's even probable cause in the first place. Here, the court did not even address exigent circumstances, so it's questionable whether this court even should. But if this court decides to, the court should find that there were no exigent circumstances and that any exigencies the police have identified here were simply contrived. What do you, I think it was undisputed that there was a smell of marijuana. Yes, Your Honor. Why wouldn't that be enough under the destruction of evidence theory? Well, Your Honor, if the smell of marijuana were an exigent circumstance, it would basically create an exigency in every single drug case, just so many cases. And the United States Supreme Court, it's an old case, but in Johnson versus United States, it did seem to squarely hold that the smell of drugs, in that case it was, I think, meth. It wasn't marijuana, but the smell of drugs alone was not an exigent circumstance. I thought in that case, in Johnson, Justice Jackson said that the reason the US gave was administrative convenience and things like that, right? And so a little different in kind than here. I guess so, but it's Brigham City versus Stewart. And I mean, an exigent circumstance has to be something that's objectively reasonable based on the facts. And with the police, all they've got is just that they can smell drugs. But is it really, I mean, it seems to me, and you tell me if I'm wrong, it seems reasonable that an officer would conclude if they smell drugs, if they take the time to get the warrant, the drugs will be gone by the time they get there. Why isn't that a reasonable thought? Would you hold the drugs and wait for the officers to come in? I mean, what happened in this case was the person smoking the weed was Ms. Avila, the person who called the police. But assuming that there were drugs in the house, what the police are allowed to do at most is freeze the scene and keep the individuals from going back to where drugs might be destroyed. So they could order the individuals out of the house and then go get the warrant? I'm not sure they're allowed to order them out. I think they could maybe order them to just stand right where they are and say, we're going to get a warrant to search your house for a misdemeanor smell of marijuana. But if they want to claim exigent circumstances, they've got to have a situation like in Kentucky versus King where they hear movements that make it sound like drugs are about to be flushed or things like that. They can't just assume that drugs are going to be destroyed. And then in terms of destroying the gun, I mean, the suspect had already admitted he had a gun. So there wouldn't have been any reason to destroy it. And even if he did want to destroy a gun, I don't really see how he even could. So you have to overcome the qualified immunity hurdle as well. I might be with you as an original matter that maybe smelling drugs isn't enough. But it didn't strike me that the case law is unambiguously clear that that is prohibited. So why wouldn't the officers be able to invoke qualified immunity just on the law's unclear grounds? Your Honor, under Kentucky versus King and the Johnson versus United States case, I would say the law is clear. And frankly, I've never heard of a case maybe, and I've been doing criminal law for a long time, but I've never heard of a case where the smell of marijuana was identified as an exigent circumstance to search your home. There's three circuits by my count that say it's enough. If I'm right about that, would that short circuit your argument? I mean, it would, I guess, impair it some. But I'm not sure what the, if it's not the Sixth Circuit, I don't think it's binding. It just seems to me it's unclear in our circuit. You would agree that we don't have precedent directly on point saying the smell of marijuana is not enough to create an exigent circumstance? I mean, I would think that the police are the ones, the law is clearly established that the police have to establish their warrant exception. That's under Coolidge versus New Hampshire, et cetera. And so the police should have to point to a law saying the smell of marijuana is enough. Well, that's not, that's kind of how it works, that the burden is on the government to point to an exception. But whatever they point to, you then have to show that it's clearly established that that exception doesn't apply. It has to be clear to all but the plainly incompetent. And so the Fourth Circuit in United States versus Grissett, the Third Circuit in United States versus McMillan, and the Eleventh Circuit in Hardy v. Broward County all said that the smell of marijuana can allow an officer to believe that evidence will be destroyed. Why, I mean, then how can it be clearly established? How can all but the plainly incompetent know that if three other circuits have said, smells enough? Well, in Kentucky versus King, I mean, what you had to have, you had, the government, the police. Is that a Supreme Court decision? Yes, Your Honor, from 20th. I don't see it cited in your table of authorities. It's from 2011, I think it's cited at least in the reply brief. But I would just- What happened in that case? There, the police basically enticed some people to try to destroy evidence by banging on the, well, that was debatable, but the police knocked on the door and then they heard some commotion inside which they interpreted to mean some people were going to try to destroy evidence, destroy the drugs. And that was found to be an exigent circumstance. Ultimately, the Supreme Court said that since the police didn't cause that exigent circumstance by threatening to violate the Fourth Amendment, then it was allowed to be an exigency. Supreme Court, they smelled marijuana beforehand, right? They knock and then they hear flushing. And they said, the holding of Kentucky v. King, I thought was the police can't be, just by knocking and announcing if an exigency occurs, it's not attributable to the police. But I mean, in other words, the police can search at that point. Yes, Your Honor. And so what Kentucky v. King said was that the only way that it would nullify an exigency is if the police basically say, open up, we're coming in, we don't have a warrant, and then you start flushing, then they cannot use that as an exigency. I would say that that case squarely implies, if not outright holds, that you've got to have some sort of commotion, some sort of movement. You can't just have the police at your door suspecting there's drugs inside, and then that's the exigency. So ultimately, we had here, I mean, the police were below, the debate focused mainly on the issue of whether guns create an exigency. I would submit if the presence of guns creates exigent circumstances to disregard the Fourth Amendment, then the right to keep and bear arms becomes a second-rate right. And here we had a situation where the caller never even claimed that Howell would shoot at the police. In fact, she claimed the opposite. She said, his gun isn't loaded, and he won't shoot at you guys. She never claimed that he would shoot anyone inside. She never claimed that he was suicidal. She never claimed that he would destroy the gun or any drugs, or even that he possessed any drugs. And that's because she actually possessed the drugs. Ultimately, under Welsh versus Wisconsin, the exigent circumstances is supposed to apply to real and not contrived emergencies. And here, what we have is a contrived emergencies. Further, once they got to the door, Mr. Howell civilly discussed the situation with them. They could tell he was not intoxicated. He was not drunk. That would undercut any idea that he's smoking weed. How much do you rely on her statement? If she had said, he said the bullets were loaded, maybe he even fired a shot, say, into the ceiling or something. Do you think at that point that they would have had a right to stop or go into the home to arrest him out of concerns for their own safety? Every case is arguably different, but I did cite the case of United States versus Surrey where a shot's fired call and then a person observed holding a gun was found not to be exigent circumstances to enter. And then I've cited other cases where just the possession of various firearms or barricading yourself inside is found not to be. Isn't there some concern, though, with, I would say, aside from the marijuana, some safety concerns at some point the officer should be able to detain an individual that they think might be at risk of harm to themselves? Well, again, there was no, if there had been an allegation that Mr. Howell was suicidal, then I would say, yes, they could detain him for that because that would be probable cause and it would be exigent circumstances because he's a threat to himself. He could kill himself at any moment. But just without that and with what we have here, just possession of guns, there simply is no exigency. And I've cited Morgan, O'Brien, Madrell v. Hay, United States versus Surrey, as a matter of fact. On the Monel issue, obviously the majority of my Monel evidence focuses on this exigent circumstance, which, again, the court below did not even address. But we had written policies we've focused on that undermine the right to a warrant. We've also got just more general policies that the chief has cited about how it's difficult for him to supervise his officers. Under the written policies, the written policies specifically say there's no limit to warrant exceptions. It says, officers have the authority to conduct searches and make seizures without a warrant under certain circumstances. These circumstances include, but are not limited to, and then they list the Supreme Court exceptions. They say specifically that you can't do warrantless entries into a suspect's home, and they cite Payton v. New York. They do cite Payton at one point where they refer to a routine arrest, but then when they specifically say the circumstances include, but are not limited to, I would submit that that nullifies. Does that say anything about a suspect's home? No, Your Honor, it does not. So why wouldn't Payton then control, and why wouldn't the specific control over the general? I mean, this is pretty specific because it lists out exigent circumstances and all these other warrant exceptions. There's a big difference between exigencies on the road or with a car and exigencies involving a house. Right, the case law makes a distinction. You agree with that, I assume. I agree that the home is given greater protection than other cases. Any further questions? Thank you, sir. You'll have your full time for rebuttal. Thanks. Good morning, Your Honor, or good afternoon, Your Honors. May it please the Court, Melissa Roberge on behalf of the defendant officers and Metro Nashville. The district court summary judgment order should be affirmed. I wanna start with count one, which brought both a false arrest claim and then this warrantless entry claim that we've been talking about. And the panel's questions focused a lot on the presence of narcotics. But here's the thing. At the district court level, the plaintiff ignored that argument. He dismissed it and said, that's frivolous. I'm not going to spill any more ink over that. That's a waiver. The plaintiff has to do more than that. And so this court shouldn't entertain a argument that's already been waived. And as this panel noted, plaintiff doesn't meet their burden on qualified immunity. This court can't- There was no exigency here, or you argue there is, right? We would argue that there is exigency, Your Honor. Why wouldn't that nullify Kentucky v. King? In other words, Kentucky v. King, the officers smelled marijuana. Then there's a knock and announce. And the knock and announce causes the exigency. And what the Supreme- Then the flushing occurs. Supreme Court says police can do that. They can knock and announce. And if that causes the exigency, it justifies them going in. But why did they need to go through all that if the smell was enough? Because the first thing was the smell. I do think that there has to be more. And here we have more, Your Honor, with regards to safety of others. We have the- What do you have with regard- The exigency that justifies the going in is the worry about the destruction of evidence, right? We make two arguments on that point. First, the destruction of- First, the safety of others. Second, the destruction of evidence. But I think- I believe it was Your Honor- Ms. Avila was out of the house. She was, but Ms. Brown wasn't. But she denied that there was any risk to her. She denied that there was any risk to her after the fact. In the moment, the officers don't have any way to know that. And I would point the court to the Lawrence decision where, remarkably similar, the officers are called out on a domestic violence call. A child comes out. He's clearly had physical injuries. They get the father, who's the aggressor, out. There's a third person in the house. Isn't that distinguishable, though, because Brown didn't have any physical injuries? Brown didn't have any physical injuries, but Ms. Avila told the officers that Mr. Howell didn't just possess a gun. He pointed the gun at her. At Avila? Correct. She didn't say that he did anything to Brown. She did, correct? Correct. She said that, to her knowledge, Brown was sleeping, but that doesn't mean that there's no risk. Can I go back to my other question that I never heard an answer to, which is Kentucky v. King. Why wouldn't your argument that smelling marijuana is enough to effectively nullify Kentucky v. King? Because whether they knocked and heard the flushing would be irrelevant. Once they smell marijuana, it would be enough to go in under your theory. It would, Your Honor. I think that that could potentially be problematic there. In that case, I think it was more about that knocking doesn't create the exigency. And with how Mr. Howell was acting, I don't know that it was reasonable to assume that he wouldn't destroy evidence and that they should leave. Again, our primary argument is about the safety of others and that the officers had a reasonable belief that somebody could be in danger. Ms. Brown, they didn't know if there was somebody else in the house. But most importantly, plaintiff hasn't carried their burden on qualified immunity. They haven't pointed to a case that takes into account all of these factors and says the officer's conduct is clearly unlawful. They point to factors and isolations. It's not enough that you have a gun in the home. It's not enough that there's a gun in the home. A 911 call isn't enough standing alone. But when you start to put those together and aggregate them, it led the officers to believe that they had exigent circumstances. And importantly, there is no case that tells the officers that they didn't have exigent circumstances. And that's plaintiff's burden, to find a case that says in 2014, so again, 10 years ago, that exigency doesn't exist when there is a 911 call, when there's reports of a weapon, there's reports of that weapon being pointed at somebody, there's somebody else in the home. There isn't a case, we have not identified a case that clearly holds that. And neither does plaintiff. We do have some case law that might make it easier for plaintiffs to satisfy clearly established, the clearly established prong. We have some case law that might suggest whether exigent circumstances exist is a question of fact for the jury. And if the facts of a case raise a dispute, a genuine issue of material fact under Rule 56 on whether exigent circumstances existed, that should go to the jury. At Rule 56 stage, you have to assume as a legal matter just under the Rule 56 standards that no exigent circumstances existed. And then it's clearly established law that you can't enter without exigent circumstances. So if exigent circumstances is a factual question for the jury, if when the evidence is in equally a poise, we say that we have to take that fact in the light most favorable to the plaintiff, then you throw that to the jury and then it's easy on clearly established because it's black letter law that you need exigent circumstances. So why wouldn't that be the way we think about this case? That wouldn't be the way we think about this case because that's defining the law at too high a level of generality. There isn't a question about what actually happened here. There are no disputed material facts. So the court can take all of those facts and then look at what does the law tell them? It's not enough that the law suggests that their conduct is unlawful. The Supreme Court uses the phrase, it must be beyond debate. And this conversation here highlights that it's not beyond debate. There is some debate, potentially. And in that case, that tie goes to the officers and they are granted qualified immunity. But what do you, I mean, we have some cases that seem to be doing this, a case called Reed, I think from 2020, are you familiar with that one? I am not familiar with the Reed case, your honor, but that it was issued in 2020 wouldn't clearly. Otherwise I may be mistaken, 2023, 2023. But it was, it just seemed to follow this kind of logic that if exigent circumstances is a fact question and we interpret the facts in the light most favorable to the plaintiff and we find a dispute of fact, then clearly established is easy. So I might agree with you as an original matter, but that case did give me some pause. But if you're unfamiliar with it, it's fine. I am unfamiliar with it, but your honor, I think I would also highlight that the plaintiff's argument isn't that there is a dispute of fact here. The plaintiff's argument is exigency didn't exist under these facts. But that's my point is that we seem, I don't know that it's correct, because we say probable causes, the ultimate conclusion of probable cause is a legal question. But we seem to say that the ultimate conclusion about whether exigent circumstances existed is a fact question for the jury. Would you not agree with that? Would you think it's a legal question for courts? I think that even if it is a fact question, if the jury could only reach one conclusion, then it could be a legal question. Yes, under Rule 56, of course. Correct. And again here, I think how that interacts with the qualified immunity standard would be difficult. I think if it can go either way as a fact question, maybe exigency, maybe not exigency, that informs the constitutional violation question, but that doesn't inform the clearly established question. So you take all those facts as true, and then you look for a case, and you say, and you look for the precedent that says, all right, taking all those facts, every reasonable officer, every single one, would know that their conduct was unlawful. And we just don't have that here. I'm not aware of a case that would tell these officers in that moment that they could not enter the home. What's your best case for the accident circumstances that you're arguing for protection of Ms. Brown? So I think it's the Lawrence case, Your Honor, and that case is unpublished, but I think that there is a case out there that mirrors what happened here, doesn't place the constitutional question beyond debate. Also, these types of call-outs and domestic violence, I believe it was a Ninth Circuit 2005 case that's cited in our brief, talked about how these types of calls are just fraught with danger for police officers. And that type of context matters in the Fourth Amendment. In the Wesby case, the Supreme Court cautioned lower courts, take that into account, take the fact-specific nature of what the officers are confronting into account when deciding qualified immunity. And so we would ask that this court uphold the grant of summary judgment to the individual officers. What would you, so that safety rationale doesn't really apply to Brown, does it? I don't, I think the safety rationale applies to the entry into the home, regardless of who owns the home. But Brown is complaining, she was not the one who was charged with pointing a gun at anybody. And she is complaining that there was a re-entry to, whether you call it an arrest or a Terry stop, a re-entry to detain her as well. So what would be the justification for that additional detention? Yeah, the initial detention, I can understand why they would be protecting Brown, but the second time, he's gone, so. He's gone. At that point, the officers are going in again for this protective sweep, and they're talking to Ms. Brown, and then I believe they remove her from the premise. I understood that all to be happening at the same time, essentially. But they cuff her for 30 to 45 minutes, so what's the justification for that? So they cuff her for 40 to 45 minutes, and she brings a false arrest claim based on that. She wasn't arrested, and she concedes that she wasn't arrested. And she hasn't identified who even placed the cuffs on her, which I think is fatal to her claim. But don't we have case law that says after it's a reasonable period, and we've said like 15 minutes after that, detention matures into an arrest? It can, Your Honor. I think during the time that she's detained, the officers are going with Ms. Avila to make sure she gets her stuff, and that she can leave. And so they're doing an investigation. They're talking with Mr. Howell. And so once they're ready to leave the scene, and the scene is secure, that's when they uncuff her. She wasn't a threat of safety. There's no evidence, right, that she was ever a threat or a risk. You were worried about her safety. Correct. So it seems odd to cuff the person you're worried about. Again, I think with the benefit of hindsight, that does feel odd. It sounds like your rationales are not really tied to the actual facts of the case, because they're cuffing someone they're supposed to be going in, you're saying, to protect. They're also not looking for any marijuana, even though they're supposedly, the reason they're going into the place is to look for marijuana. Can we not take that into account in looking at reasonableness, the reasonableness inquiry for exigent circumstances? Again, I think this is all going into a sort of melting pot of decision making, and it is tied to the facts of the case. They're wanting to protect Ms. Brown, but they're also unsure if there's somebody else in the home. There could have been, but the benefit of hindsight, we know that there wasn't. Is there any evidence that they were actually looking for marijuana? There is nothing in the record that they were looking for. I was curious about the same point. I know it's an objective test, or I think it is an objective test, correct me if it's wrong, if I'm wrong, and so maybe you could rely on that objective circumstance that there isn't a concession that there was a smell of marijuana, but if there's no other evidence that the officers were at all concerned about that, they didn't search for marijuana, how could that possibly be a basis for an exigent circumstance? It just seems to be something that was created for purposes of this litigation. I think, again, I keep going back to sort of the on-the-spot decision-making. Officers aren't- I'll give you that. Where's the record site for on-the-spot decision-making they thought they needed to detain them to go inside in order to search for marijuana? They went inside and kind of did the protective sweep to see if they saw anything in plain sight, given that there was a strong smell of marijuana. Were they digging in corners? No. You're making that statement now? Is there any record site for that proposition? I know the protective sweep more for safety, but I'm not certain I see anybody testifying, yeah, we were doing the safety and looking for marijuana. Your Honor, I would have to look back at the officer's declaration. I don't have it off the top of my head, but we'd be happy to supplement the court with that. It seems like the best you've got is that they, in terms of their subjective rationale, is that they wanted to protect Ms. Brown the first time they went in. Correct. I can understand that rationale, but I'm having trouble understanding why they, after they left, they went back again, other than this marijuana, but we don't really have any evidence, it doesn't sound like, that they actually were concerned about marijuana. Again, the test is an objective one, and then we would- There's no evidence, that seems pretty unreasonable to me. We would ask, though, that this court affirm the grant of summary judgment, because first, again, the plaintiff has waived any argument about the marijuana by failing to address it at the district court. Second, we would point to that he hasn't identified any case. Wait a second, the actions and circumstances are, that's your burden, isn't it? It's our burden. Yeah, your burden, so the fact that he didn't address it, I mean, you still have to carry your burden, don't you? We do have to carry our burden, but the district court didn't find that we didn't- You get up and say, that's a frivolous argument for probable cause, and you say that would be a waiver? I think that a litigant has to do more than just declare it frivolous, maybe explain why it's frivolous. I think it's the government's responsibility, not the defendant's responsibility to justify a search. It is in the criminal context, Your Honor, and then here, we did put forth reasons why we believe that exigent circumstances exist, and then the burden shifted to the plaintiff to show that the law was clearly established, and he hasn't done that. So we would, again, ask that this court affirm the grant of summary judgment. Can I ask one final question, if you don't mind? So switching gears, I found fascinating, and I'm not certain what the law is on this topic about the seizure of the car, but I know you have fact-bound arguments about the police weren't involved, but assume, I think, the record suggests that maybe the police, or at least taking the facts in the light most favorable to the plaintiff, that the police pushed the car out of the garage, or we maybe don't know the officer, but somebody did. What is the legal standard, if a police gets a call saying, somebody has my car, and then they go to that person, they're like, no, it's my car, what is the standard for how the police sort that property dispute out? I don't know the law on this, and I don't know that the party cited any cases, necessarily, that were all that helpful. Do you think it should be like a probable cause standard of a seizure, or? Now, I think a reasonable officer could potentially run a title search, or do something along those lines to determine who owns the car. In this case, the district court did make a kind of factual determination, based on the evidence in the record, that the car was still on the premises before they left. And again, I'm unfamiliar with exactly what standard would apply there. Your Honor is unfamiliar with what standard applies there. And the burden is on the plaintiff to establish that the officers knew the standard, and clearly violated that. His cited case of Collins doesn't do that. In Collins, the officer's actions were found to be constitutional, and at best, that case stands for, if officers decide to impound a car, then the Fourth Amendment applies. They didn't impound the car here, so that case doesn't tell us anything. We would ask that you affirm the district court. Okay, thank you, counsel. To come back around to one of Your Honor's prior questions about the specific governing the general, in the Metro rules, it's 5.40.040. It says it's presumptively unreasonable to make a non-consensual warrantless entry. Why doesn't that policy comply with the law? I mean, it's saying it's presumed unreasonable, but then it says, but if you have a warrant, you're good. And then in the second section, it lists all these exceptions to the warrant requirement, and it says these exceptions are not carefully delineated and limited. You can have other exceptions that we haven't listed here. And so, it's saying you're presumed, but then you've got this infinite number of exceptions, and I would just say that is unconstitutional, and that is the moving force behind the violation, in addition to some of the other policies that I've cited in the brief. With regard to Ms. Brown being arrested, I would say under Smoke v. Hall, arresting someone for no reason can qualify as an arrest, even if you have reasonable suspicion, which here they did not. And so, that would count as an arrest. With regard to this argument about me waiving an argument about the marijuana, I would just submit that in the city's brief, they did not cite any case to support their contention that they had an exigent circumstance based on the smell of marijuana. They didn't cite any law. They didn't even substantively argue anything. I think it was just basically one sentence, and that's why I called it frivolous, because they weren't supporting it. And so, I would submit, if anyone has waived anything, it would be the city that's waived it. In any event, I don't think we can say I've waived it, because I've clearly briefed it at this level, and the lower judge never ruled it was waived, and never ruled on the issue at all. So, ultimately, it would be for your honors to decide if I've waived anything, and I simply have not. With regard to that smell, again, even if that were an exigency, or some sort of a ground for going in, I would say they could have ordered Mr. Howell to stand at the door and say, we're gonna get a warrant to search your home for marijuana, or even if it were an exigency, they could say, sir, we smell marijuana, so we're going to come on in, please step aside. Something along those lines, instead of the incident that took place. And then, with regard to this Lawrence case, there, the police were entering because they apparently suspected, or weren't sure about if people were injured inside, who might need help. Here, there was no allegation, or any fear about that. And ultimately, in Brigham City versus Stewart, the Supreme Court squarely said that the police have to have an objectively reasonable basis for believing that an occupant is seriously injured, or imminently threatened with such injury. The police didn't have that. They didn't have any fear of that, so they had no exigency. So, unless there are any more questions, I would ask your honors to reverse, and remand for further proceedings. Thank you, counsel. Thank you both for your arguments. The case will be taken under submission.